Robert J. Wilger, Bar No. 168402
rwilger@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, California 95113.2431
Telephone: 408.998.4150

Julie R. Campos, Bar No. 314063
jcampos@littler.com
LITTLER MENDELSON, P.C.
5200 North Palm Ave, Suite 302
Fresno, CA 93704
Telephone: 559.244.7500
Fax No.: 559.244.7525
Fax No.:    408.288.5686

Attorneys for Defendants
ALTRA INDUSTRIAL MOTION CORP. AND
THOMSON LINEAR, LLC, ERRONEOUSLY SUED
AS "ALTRA INDUSTRIAL MOTION CORP. DBA
THOMSON LINEAR, LLC"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RASCON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALTRA INDUSTRIAL MOTION CORP. dba THOMSON LINEAR, LLC, a California corporation, and DOES 1-25, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Trial Date: TBD<br>Complaint Filed:   April 14, 2023<br>Santa Clara County Superior Court Case No.: 23CV414678 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendants ALTRA INDUSTRIAL MOTION CORP. and THOMSON LINEAR, LLC (collectively, "Defendants"), erroneously sued as "ALTRA INDUSTRIAL MOTION CORP. dba THOMSON LINEAR, LLC", hereby remove to this Court the state court action described below. This Court has original jurisdiction over the state court action pursuant to 28 U.S.C. § 1332(a) due to the diversity of citizenship of the parties. Accordingly, the

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA 95113.2431
408.998.4150

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

state court action may be properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, it is a civil action between citizens of different states, and no defendant is a citizen of the state of California. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## II. VENUE

2. The action was filed in Superior Court of the State of California, County of Santa Clara. Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1441(a) and 1446(a).

## III. PLEADINGS, PROCESS AND ORDERS

3. On April 14, 2023, Plaintiff LUIS RASCON ("Plaintiff") commenced an action by filing an unverified Complaint in the Superior Court of the State of California, County of Santa Clara, entitled *Luis Rascon v. Altra Industrial Motion Corp. dba Thomson Linear, LLC, and Does 1 through 25*, bearing Case No. 23CV414678 (the "Complaint"), which is attached hereto as Exhibit A. (Declaration of Julie R. Campos in Support of Defendants' Notice of Removal of Civil Action to Federal Court ["Campos Decl."], ¶ 2.)

4. The Complaint asserts the following causes of action against Defendants: (1) race discrimination, (2) failure to take steps to prevent discrimination, (3) wrongful termination in violation of public policy, (4) retaliation, (5) intentional infliction of emotional distress, and (6) failure to provide complete personnel file. (Exhibit A at ¶ 37-88.) Plaintiff seeks general damages, special damages, punitive damages, declaratory relief, injunctive relief, pre-judgment and post-judgment interest, attorney's fees, costs, and such other relief as the court deems just and proper. (Exhibit A at ¶ 36, 43, 57, 68, 76, 84, and Prayer for Relief.) Plaintiff specifically seeks to recover purported lost income, including back pay and front pay, and benefits. (Exhibit A at ¶¶ 34, 41, 54, 64, 73, 82, and

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

2

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Prayer for Relief.) Plaintiff also seeks damages for "significant, debilitating, and ongoing" emotional distress, physical distress, mental anguish, and humiliation. (Exhibit A at ¶ 33, 41, 54, 64, 73, 77-84.)

5. On June 14, 2023, Defendants filed in the Superior Court of California, their General Denial and Affirmative Defenses to Plaintiff's Complaint. (Campos Decl., ¶ 4.) A true and correct copy of Defendants' General Denial and Affirmative Defenses to Plaintiff's Complaint is attached hereto as Exhibit B.

6. Pursuant to 28 U.S.C. ¶ 1446(a), the remaining submissions in this action on file with the Santa Clara County Superior Court at attached hereto as Exhibit C. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been served by any party. (Campos Decl., ¶ 5.) To Defendants' knowledge, none of the Doe Defendants have been identified or served to date. (Campos Decl., ¶ 3.)

## IV.   TIMELINESS OF REMOVAL

7. Pursuant to California Code of Civil Procedure § 415.30, Defendants signed and returned a Notice and Acknowledgment of Receipt of Plaintiff's Summons and Complaint on May 16, 2023. Accordingly, service of the Summons and Complaint was deemed complete on May 16, 2023. (Cal. Code Civ. Proc. § 415.30; Exhibit C; Campos Decl., ¶ 2.) This Notice is timely in that it is being filed within thirty (30) days of the date of service of the Summons and Complaint on Defendants, which was the first time that Defendants ascertained that the State Court Action was removable under federal law. *See* 28 U.S.C. §1446(b).

## V.   DIVERSITY JURISDICTION

8. The diversity of citizenship statute, 28 U.S.C. § 1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States. . .

9. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA  95113.2431
408.998.4150

3

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

1  states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth
2  below.

### A.  Plaintiff is a Citizen of California

10. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Bank of N.Y. Mellon v. Nersesian,* 2013 WL 8284799, at *7 (C.D. Cal. 2013) (citing *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983)). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Nersesian*, 2013 WL 8284799, at *7 (*citing Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001)). Residence is *prima facie* evidence of one's domicile. *Sadeh v. Safeco Ins. Co.,* 2012 WL 10759737, at *4 (C.D. Cal. 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994)).

11. In the Complaint, Plaintiff states that he "is a resident of the State of California." (Exhibit A at ¶ 2.) Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

### B.  Defendants Are Not Citizens of California

12. For diversity jurisdiction purposes, a corporation is deemed a citizen of its State of incorporation and the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.,* its "nerve center," which is typically a corporation's headquarters. *Hertz Corp. v. Friend,* 559 U.S.77 (2010). The citizenship of a limited liability company is the citizenship of its members. *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).

13. At the time this action was commenced in state court, Defendant Altra Industrial Motion Corp. was, and still is, a corporation organized under the laws of the state of Delaware with its principal place of business in Braintree, Massachusetts. (Declaration of Thomas E. Valentyn in Support of Defendants' Notice of Removal of Civil Action to Federal Court ["Valentyn Decl."], ¶ 3.) Similarly, Thomson Linear, LLC is a limited liability company formed and existing under the laws of the State of Delaware. All members of Thomson Linear LLC are individuals who reside in the State of Illinois. (Declaration of Jim Corbett in Support of Defendants' Notice of Removal of Civil Action to Federal

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA 95113.2431
408.998.4150

4

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

Court ["Corbett Decl."], ¶ 3.)  Accordingly, Defendants are citizens of the states of Delaware, Massachusetts, and Illinois for the purpose of determining diversity of citizenship. (Valentyn Decl., ¶ 3; Corbett Decl. ¶ 3.)

### C. The Doe Defendants Should Be Disregarded

14. The presence of Doe defendants in this case has no bearing on diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").  Accordingly, the diversity requirement of 28 U.S.C. § 1332(a) is satisfied.

### D. The Amount in Controversy Exceeds $75,000

15. Where the Complaint leaves the amount in controversy unclear or ambiguous, the defendant has the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). This framework requires the removing defendant to establish that the plaintiff's total damages "more likely than not" exceed the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 399 (9th Cir. 1996). In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 1001 (C.D. Cal. 2002). Economic damages, non-economic damages, general damages, attorneys' fees and costs, and punitive damages all are included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (stating that compensatory and punitive damages are included in determining the amount in controversy).

16. Here, Defendants reasonably and in good faith believe that the amount put in controversy herein exceeds the jurisdictional requirement of 28 U.S.C. § 1332(a). Should Plaintiff prevail on his claims for violations of the Fair Employment and Housing Act and wrongful termination in violation of public policy, he would be entitled to recover the amount he would have earned up to the present date, including benefits or pay increases. *See Wise v. Southern Pac. Co.*, 1 Cal.3d 600, 607 (1970).

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA 95113.2431
408.998.4150

5

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1  Plaintiff worked as a Production Supervisor for Defendant Thomson Linear, LLC and his employment
2  with Defendant Thomson Linear, LLC ended on or about June 24, 2022. (Exhibit A at ¶ 13, 26; Corbett
3  Decl., ¶ 4.) Plaintiff's last regular rate of pay was $48.00 per hour. (Exhibit A at ¶ 13; Corbett Decl.,
4  ¶ 4.) Plaintiff alleges that he worked approximately 10 hours per day, including 2 hours of alleged
5  overtime per day, 5 days per week. (Exhibit A at ¶ 27.) Plaintiff seeks lost income from the date of his
6  termination on June 26, 2022, through to the present and into the future. (Exhibit A at ¶ 26, 30, 41, 54,
7  64, 73, 82.)  As of the date of this Notice of Removal, it has been approximately 50 weeks since
8  Plaintiff's employment with Defendant Thomson Linear, LLC ended. Given Plaintiff's rate of pay,
9  Plaintiff alleges to have suffered at least $132,000.00 in damages from lost income alone as of the date
10 of this filing, with damages continuing into the future through trial continuing at the rate of
11 approximately $2,640.00 per week.

12         17. Additionally, Plaintiff seeks an award of attorneys' fees in connection with each of his
13 claims. (Exhibit A at ¶ 35, 45, 56, 66, 74, 82, 88.) Attorney's fees are also included in the amount in
14 controversy calculation when the underlying claims permit recovery of attorneys' fees. *Galt G/S,
15 supra*, 142 F.3d at 1156. One relatively recent Eastern District case involving similar allegations of
16 discrimination, retaliation and whistleblowing resulted in fees exceeding half a million dollars. *Jadwin
17 v. County of Kern*, 767 F. Supp. 2d 1069, 1141 (E.D. Cal. 2011) (approving award of $535,700 in
18 attorneys' fees in employment case involving discrimination, retaliation and whistleblowing claims);
19 *see also Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS 58610, *12-13 (N.D. Cal. 2008),
20 *citing Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ("attorneys' fees in
21 individual discrimination cases often exceed the damages"). Accordingly, attorneys' fees alone are
22 likely to be greater than $75,000.

23         18. Further, Plaintiff seeks to recover civil penalties in the amount of $750.00 for failure to
24 provide Plaintiff with his personnel file pursuant to California Labor Code § 1198.5. (Exhibit A at ¶
25 88.)

26         19. Plaintiff also seeks damages for alleged emotional distress. (Exhibit A at ¶ 33, 41, 54, 64,
27 73, 77-84.)  Plaintiff's claim for emotional distress damages further augments the foregoing amounts
28 and demonstrates that the jurisdictional prerequisite for removal of this action is met.  *See Luckett v.*

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA 95113.2431
408.998.4150

6   DEFENDANTS' NOTICE OF REMOVAL OF
    CIVIL ACTION TO FEDERAL COURT

*Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (claims for pain, suffering and humiliation properly may be factored into the jurisdictional analysis for purposes of removal). Although Defendants dispute that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g.*, *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), *cert. denied*, 535 U.S. 1018 (2002) (award of $30,000); *Dotson v. United States*, 87 F.3d 682 (5th Cir. 1996) (award of $25,000). In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), *cert. denied*, 127 S.Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. A similar result is compelled here, as Plaintiff expressly seeks damages for emotional distress and lost wages are at issue. Thus, based on *Kroske* and other analogous cases, the emotional distress component of Plaintiff's claims is likely to add at least $25,000 to the amount in controversy, if not more. The foregoing, when taken together with Plaintiff's claims for back pay, front pay, and attorney's fees, easily places the amount of controversy in excess of $75,000.

20. The amount in controversy includes punitive damages unless (1) punitive damages are not recoverable as a matter of state law, and (2) it is a legal certainty that plaintiff would not be entitled to recover the jurisdictional amount. *See Anthony v. Security Pac. Fin. Servs.*, 75 F.3d 311, 315 (7th Cir. 1996); *St. Paul Reinsurance Co., Ltd. v. Greenberg* (5th Cir. 1998) 134 F.3d 1250, 1253-1254. Here, Plaintiff alleges that he is entitled to punitive damages for Defendants' alleged misconduct, but does not provide a total amount of the alleged punitive damages sought. (Exhibit A at ¶ 36, 43, 57, 68, 76, 84, and Prayer for Relief.) With respect to punitive damages, California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of a defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and a defendant's net worth. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). Jury verdicts in disability discrimination cases in California reflect the likelihood that

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA 95113.2431
408.998.4150

7

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

if Plaintiff prevails at trial, Plaintiff's damages would clearly exceed the $75,000 amount in controversy threshold. *See e.g., Rivera supra,* 2008 U.S. Dist. LEXIS 58610 at *10-11, *citing Kolas v. Access Business Group LLC*, 2008 WL 496470 (Los Angeles Super. Ct.) (jury awarded the plaintiff $200,000 in emotional distress damages for wrongful termination due to his age and an injury he incurred on the job); *Lopez v. Bimbo Bakeries USA Inc.*, 2007 WL 4339112 (San Francisco Super. Ct.) (jury awarded the plaintiff $122,000 in emotional distress damages and $2,000,000 in punitive damages for wrongful termination, failure to prevent discrimination and failure to accommodate a pregnant employee who requested fifteen-minute breaks every two hour); *Wysinger v. Automobile Club of Southern California*, 2006 WL 397031 (Santa Barbara Super. Ct.) (awarding $1,000,000 in punitive damages to an employee terminated due to his age and disability). Although Defendants vigorously deny Plaintiff's allegations, if Plaintiff were to prevail on his claims, the punitive damages alone could exceed the jurisdictional minimum.

## VI. NOTICE TO STATE COURT AND PLAINTIFF

21. Pursuant to 28 U.S.C. section 1446(d), concurrently with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be given by the undersigned to Plaintiff. See Defendants' Notice to Plaintiff of Removal of Civil Case to Federal Court, attached hereto as Exhibit D.[1] In addition, a copy of this Notice of Removal will be promptly filed with the Clerk of the Superior Court of the State of California for the County of Santa Clara. See Defendants' Notice to State Court of Removal of Civil Case to Federal Court, attached hereto as Exhibit E.[2]

22. WHEREFORE, pursuant to 28 U.S.C. §1332, 1441, and 1446, Defendants remove this case from the Superior Court of the State of California, County of Santa Clara, to the United States Court for the Northern District of California.

---

[1] So as to avoid lodging duplicative papers with this Court, the exhibits to Defendants' Notice to Plaintiff of Removal of Civil Action to Federal Court are omitted from this filing.

[2] So as to avoid lodging duplicative papers with this Court, the exhibits to Defendants' Notice to State Court of Removal of Civil Action to Federal Court are omitted from this filing.

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA 95113.2431
408.998.4150

8   DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT


Case 3:23-cv-02957-RS   Document 1   Filed 06/15/23   Page 9 of 9

Dated: June 15, 2023

LITTLER MENDELSON, P.C.

_/s/ Julie R. Campos_

Robert J. Wilger
Julie R. Campos

Attorneys for Defendants
ALTRA INDUSTRIAL MOTION CORP. and THOMSON LINEAR, LLC, erroneously sued as "ALTRA INDUSTRIAL MOTION CORP. dba THOMSON LINEAR, LLC"

50 W. San Fernando
7th Floor
San Jose, CA 95113.2431
408.998.4150

9

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT